posed policy, Rothbart related that he was informed by Dann that the policy would exclude certain "*miscellaneous damages.*"

The sole proof giving any indication of defendant's intention as to the policy was the "speed memo" prepared by defendant's agent, Paul Lange. That memo described the policy as "D. I. C. on the Bldg.—All-risk X Fire, E. C., V. M. M." From the memo's contents, plaintiff attempts to argue that fire, extended coverage, vandalism, and malicious mischief would be the only exclusions contained in the policy. However, this argument is refuted by the testimony of plaintiff's own agent, Charles Dann. He stated that he had never dealt with an all risk policy which did not contain exclusions. More importantly, the meager information contained in this three-line, handwritten memo is far less than the clear and convincing evidence necessary to compel the determination that the policy did not properly reflect the true intention of the parties involved. See *Hyman-Michaels Co. v. Massachusetts, etc. Co.* (1955), 9 Ill.App.2d 13, 132 N.E.2d 347.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

DEMPSEY, P. J., and McGLOON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* ALVIN RIGGS, Petitioner-Appellant.

(No. 57201; )

First District (3rd Division)—October 11, 1973.

1034

Opinion by Mr. JUSTICE McNAMARA.

Leon A. Ziolkowski, of Homewood, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Thomas M. Kennedy, Jr., Assistant State's Attorneys, of counsel,) for the People.